IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JAMAAL LAMBERT,

Plaintiff,

v. Case No. 26-cv-1828

CITY OF KENOSHA, and Kenosha
Police Department Officers PATRICK NEWELL,
IZAIHA NANO, GRAMM RASMUSSEN,
GRANVILLE ANDERSON, and
JEREL JONES-DENSON,

Defendants.

---

## COMPLAINT

---

Plaintiff JAMAAL LAMBERT, by and through his attorneys, the PEOPLE'S LAW OFFICE, for his complaint against Defendants CITY OF KENOSHA and Kenosha Police Department Officers PATRICK NEWELL, IZAIHA NANO, GRAMM RASMUSSEN, GRANVILLE ANDERSON, and JEREL JONES-DENSON hereby alleges as follows:

## INTRODUCTION

1. On February 23, 2026, Plaintiff Jamaal Lambert was pulled over by Defendant Kenosha Police Department Officers for allegedly tailgating their police car. Plaintiff exited his vehicle with his hands up in the air. Plaintiff was unarmed and posed no threat to the officers or anyone else, but because he refused one of the officers' unreasonable commands to get on the ground and questioned why he had been stopped, the Defendant Officers unnecessarily escalated what should have been a routine traffic stop and used extreme and unreasonable force to take

Plaintiff into custody, including pointing their guns and firing their Tasers at Plaintiff, tackling him to the ground, and using a police canine to viciously maul his leg.

2. As a result of the Defendant Officers' unreasonable use of force, Plaintiff has suffered severe injuries including nerve damage and foot drop, which required surgical intervention and which may result in permanently impaired functionality of his foot and chronic pain.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Jamaal Lambert is a 46-year-old man who is currently a resident of Kenosha, Wisconsin.

7. Defendants Patrick Newell, Izaiha Nano, Gramm Rasmussen, Granville Anderson, and Jerel Jones-Denson, at all times relevant to this action, were Kenosha Police Department officers employed by the City of Kenosha. They are being sued in their individual capacity.

8. These Defendants, at all times relevant to this action, were acting under color of law, were carrying out their duties as Kenosha Police Department officers, and were acting within the scope of their employment with the City of Kenosha.

9. Defendant City of Kenosha is a Wisconsin municipal corporation and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

## FACTUAL ALLEGATIONS

10. Plaintiff Jamaal Lambert is a 46-year-old Black man who has lived in Kenosha, Wisconsin for 5 years and works as a machine operator at an aluminum foundry.

11. On February 23, 2026, an extremely cold night, Defendant Izaiha Nano and Defendant Granville Anderson pulled Plaintiff over for allegedly tailgating their police car.

12. Plaintiff immediately pulled over, exited his vehicle with his hands in the air, and took a few steps towards the police car, stopping about 10–15 feet away from the Defendant Officers, where he remained for the duration of the incident.

13. Defendants Nano and Anderson pulled out their guns and pointed them at Plaintiff without justification.

14. Defendant Nano continuously yelled at Plaintiff to “Turn around!” and “Get down on the ground!”

15. Defendant Nano took out his Taser and threatened to tase Plaintiff.

16. Defendant Nano yelled at Plaintiff that he was under arrest.

17. Plaintiff at various times asked why he was under arrest, and Defendant Nano refused to answer.

18. Defendant Anderson continued to point his gun at Plaintiff, even though Plaintiff had his arms raised in the air, did not have any weapons, and made no threatening movements towards the officers or anyone else.

19. Numerous additional officers arrived at the scene until there were at least 12 officers present.

20. Defendant Patrick Newell arrived with his police canine, as well as Defendant Gramm Rasmussen and Defendant Jerel Jones-Denson, a sergeant.

21. When he arrived on the scene, Defendant Rasmussen took out his gun and brandished it without justification.

22. Plaintiff continued to stand in one place with his hands in the air.

23. The Defendant Officers never told Plaintiff why he was pulled over, why he was under arrest, or why he was being ordered to get down on the ground.

24. Defendant Nano and Defendant Rasmussen fired their Tasers at Plaintiff multiple times without justification, striking him in the abdomen.

25. Defendants Newell and Jones-Denson had a duty and opportunity to intervene to prevent Plaintiff from being subjected to Defendant Nano's and Rasmussen's excessive use of force with their Tasers, yet failed to do so.

26. Plaintiff continued to stand in one place with his hands in the air.

27. While Plaintiff's hands were still visibly elevated and away from his body, and after Plaintiff had complied with the Defendant Officers' commands to turn away from them, Defendant Jones-Denson ordered Defendant Newell to release his police canine to bite Plaintiff without justification.

28. Defendant Newell released his canine and told the dog, "Stellen," the command for bite.

29. Defendant Newell's police canine viciously mauled Plaintiff's knee for nearly 30 seconds as Plaintiff begged the Defendant Officers to get the dog off him.

30. As the police canine was biting Plaintiff's right knee, Defendant Nano ran at Plaintiff and tackled him to the ground without justification.

31. Approximately six officers piled on top of Plaintiff to restrain him.

32. Defendant Newell allowed his police canine to continue biting Plaintiff's leg for approximately 15–20 seconds after Plaintiff was on the ground and restrained by approximately 6 officers.

33. Defendant Newell finally pulled his police canine off Plaintiff's leg after nearly 30 seconds total and said, "Good boy."

34. Defendant Nano and another officer placed Plaintiff in handcuffs.

35. Plaintiff did not physically resist any of the Defendant Officers at any time during the incident.

36. Throughout the incident, Plaintiff never made any threatening movements or vocalizations towards the officers or anyone else.

37. Defendants Nano, Rasmussen, and Jones-Denson had a duty and opportunity to intervene to prevent Plaintiff from being subjected to Defendant Newell's excessive use of force with his police canine, and from being injured, yet failed to do so.

38. After Plaintiff was in custody and under arrest, Defendants Nano and Anderson illegally searched Plaintiff's car without justification.

39. Plaintiff was taken to the hospital where he received medical treatment for severe injuries to his leg from the police canine bites.

40. Defendant Newell's canine caused severe nerve damage to Plaintiff's leg, requiring surgery.

41. Plaintiff was diagnosed with foot drop, which is often a permanent disability.

42. Plaintiff was forced to miss weeks of work due to his injuries.

43. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, among other things, physical injuries, pain, emotional distress, terror, anguish, humiliation, shame, fear, embarrassment, medical expenses, loss of income, a potentially permanent disability, invasion of privacy, and violations of his constitutional rights.

**COUNT I – 42 U.S.C. § 1983**
**Excessive Force**

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45. Count I is alleged against all Defendant Officers.

46. As described in detail above, the actions of all Defendant Officers in using excessive, unjustifiable, and unnecessary force against Plaintiff and/or failing to intervene to protect Plaintiff from each other's excessive use of force despite having the duty and opportunity to do so, when they tased, pointed their firearms at, tackled, and unleashed a police canine to bite Plaintiff, violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

47. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered physical and emotional injuries and damages as set forth above.

**COUNT II – 42 U.S.C. § 1983**
**Unlawful Search**

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Count II is alleged against Defendants Nano and Anderson.

50. As described in detail above, the actions of Defendants Nano and Anderson in searching Plaintiff's vehicle without justification violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

51. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered damages as set forth above.

**COUNT III – State Law Claim**
**Indemnification**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

53. Count III is alleged against Defendant City of Kenosha.

54. Wisconsin law, Wis. Stat. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable for acts within the scope of their employment.

55. At all times relevant to this action, the Defendant Officers committed the acts alleged above in the scope of their employment with Defendant City of Kenosha.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Jamaal Lambert asks that this Court enter judgment in his favor and against Defendants City of Kenosha, Patrick Newell, Izaiha Nano, Gramm Rasmussen, Granville Anderson, and Jerel Jones-Denson, awarding compensatory damages against all Defendants and punitive damages against the Defendant Officers, attorneys' fees and costs, pre- and post-judgment interest as well as any other relief this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

/s/ Ben H. Elson
Ben H. Elson, Nora Snyder
PEOPLE'S LAW OFFICE

1180 N. Milwaukee Ave.
Chicago, IL  60642
(773) 235-0070
ben@peopleslawoffice.com
norasnyder@peopleslawoffice.com

***Attorneys for Plaintiff Jamaal Lambert***